RECEIVED JUL 0 6 2006

FILED JUN 05 2006
CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 05-30263 |
| Plaintiff - Appellee, | D.C. No. CR-03-00019-1-f-RRB |
| v. |  |
| WILLIAM ANTHONY LANDRUS, | MEMORANDUM[*] |
| Defendant - Appellant. |  |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Submitted March 6, 2006[**]
Seattle, Washington

Before: O'SCANNLAIN, SILVERMAN, and GOULD, Circuit Judges.

William Landrus appeals his sentence, imposed by the district court after a jury verdict determined his guilt for conspiracy to distribute methamphetamine and possession with intent to distribute methamphetamine. The district court

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

[**] This panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

sentenced Landrus to a 300-month term of imprisonment to be followed by a 5-year term of supervised release. Landrus contends that the district court violated the Sixth Amendment by sentencing him based on facts that were not proven to a jury beyond a reasonable doubt. Landrus also argues that his sentence is unreasonable under *United States v. Booker*, 543 U.S. 220 (2005).[1]

The district court sentenced Landrus in the clear light of the Supreme Court's opinion in *Booker*, rendering the Sentencing Guidelines advisory. Consequently, the district court's extra-verdict findings did not violate Landrus's right to a jury trial. *See United States v. Ameline*, 409 F.3d 1073, 1077 (9th Cir. 2005).

As for reasonableness of Landrus's sentence, the district court correctly calculated the sentencing range under the Sentencing Guidelines and explicitly considered the factors listed in 18 U.S.C. § 3553(a). The district court discussed Landrus's "good work history," his age, and that Landrus's crime did not involve violence. The district court also considered the need to deter future methamphetamine distribution conspiracies, the need for Landrus's sentence to reflect the seriousness of his crime, and the need to protect the Fairbanks

---

[1] Because the parties are familiar with the facts and the procedural history underlying this appeal, we mention them only where necessary to explain our disposition.

community from methamphetamine distribution. Moreover, the district court discussed the need to "reaffirm the norms of this society" by imposing a just sentence on a major drug dealer whose business had ruined many lives. We hold that the district court exercised its discretion appropriately and imposed a reasonable sentence. *See United States v. Plouffe*, 445 F.3d 1126, 1131 (9th Cir. 2006).

**AFFIRMED.**

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

JUN 2 7 2006

by: _____
Deputy Clerk